## HOBBLETHWAITE v. BATTURS.

December 7, 1835.

*Case stated.*

A discharge under the insolvent law of the state of Maryland (which is partly in the nature of a bankrupt law) is not a bar to a recovery on a cause of action existing previous to such a discharge, where the plaintiff, at the time of the contract and of the institution of the suit, is an alien and foreign subject. Nor is the discharge a bar, where the plaintiff brings his action on a judgment recovered on the *same cause of action* in the circuit court of the United States in Maryland.

THIS was an action of debt upon a judgment obtained in the circuit court of the United States in Maryland. The following case was stated for the opinion of the court.

[Hobblethwaite v. Batturs.]

"Hobblethwaite and others, the plaintiffs, aliens and subjects of Great Britain, brought an action on the case in the circuit court of the United States for the fourth circuit, in the district of Maryland, to the November sessions 1821, and recovered judgment against the defendant, then a citizen of the state of Maryland, for 1377 dollars 55 cents, on the 7th of November 1822.

That *afterwards*, said Batturs applied for the benefit of the insolvent laws for the city and county of Baltimore, to which application an unfavourable report was made by the commissioners.

That in January 1824, the legislature of Maryland passed an act, No. 54, entitled an act for the relief of Richard Batturs of the city of Baltimore, by which he was enabled to apply again to the said commissioners, for the benefit of said insolvent laws.

That, at September term 1824, in the Baltimore county court in the state of Maryland, the said Richard Batturs was discharged under the insolvent laws aforesaid, and obtained a certificate of discharge from said court, in the following terms:

"It is, therefore, in performance of the provisions of the insolvent law aforesaid, adjudged, granted and ordered by the Baltimore county court, that the said Richard Batturs be, and he is hereby fully and finally discharged from all debts, covenants, contracts, promises and agreements due from, or owing or contracted in his individual, as also in a co-partnership capacity by him, before the aforesaid 10th day of May 1824. Provided, that any property which he shall hereafter acquire by gift, descent or in his own right, by bequest, devise or in any course of distribution, shall be liable to the payment of said debts."

This action of debt was brought against the defendant upon the judgment obtained in the circuit court of the United States in the state of Maryland aforesaid, and the question submitted to the court for decision is, whether the discharge of the defendant as aforesaid, under the insolvent law aforesaid, is a bar to the recovery of judgment by the plaintiffs in this suit, of the debt aforesaid. Judgment to be entered accordingly.

*Norris,* for plaintiff.

*P. A. Browne,* for defendant.

Cases cited in the argument: Sturges *v.* Crowninshield, 4 *Wheat.* 122; M'Mullin *v.* Neal, 4 *Wheat.* 209; Fry *v.* Kirk, 4 *Gill & Johns.*

[Hobblethwaite v. Batturs.]

509; F. & M. B. *v.* Smith, 6 *Wheat.* 131; Ogden *v.* Saunders, 12 *Wheat.* 213; Green *v.* Sarmiento, 3 *Wash. C. C. Rep.* 17.

The opinion of the Court was delivered by

STROUD, J.—It was decided in Ogden *v.* Saunders, 12 *Wheat.* 213, that "a bankrupt or insolvent law of any state, which discharges both the person of the debtor and his future acquisitions of property, is not a law impairing the obligation of contracts, so far as respects debts contracted *subsequent* to the passage of such law, *and between citizens of such state;* but that as against creditors, citizens of other states, it is invalid as to all contracts." And, therefore, that "a certificate of discharge, under such a law, cannot be pleaded in bar of an action brought by a citizen of another state, in the courts of the United States, or of any other state than that where the discharge was obtained." In Boyle *v.* Zacharie, 6 *Peters* 348, 643, it was declared by the court, that the principles established in Ogden *v.* Saunders were no longer open to controversy, but were to be deemed final and conclusive. Now although the general insolvent law of Maryland, under which the defendant obtained his discharge, was passed long anterior to the contract between the parties, yet, at the time of the contract, and also of the discharge, and when the present action was instituted, the plaintiffs were subjects of Great Britain, and not citizens of Maryland. It is plain, therefore, that the discharge pleaded in this court can be no bar to the recovery of judgment on the case stated.

It was objected, on the argument, to this view of the case, that the judgment obtained in the circuit court of the United States, in the district of Maryland, was an extinguishment of the original contract; and that the action in this court, being founded on that judgment, it was to be regarded as brought upon a contract made and to be enforced in Maryland. And for this Green *v.* Sarmiento, 3 *Wash. C. C. Rep.* 17, was cited.

The correctness of this deduction is not admitted. A judgment cannot be considered as a contract, in the ordinary acceptation of the term. But, if the defendant's conclusions were admitted, it is not perceived that the benefit which he seeks from it would result. For although, as a general principle, it may be true, as is stated in Green *v.* Sarmiento, "that the law of the country where a contract is made, is the law of the contract, wherever performance is demanded; and that the same law which creates the charge will be regarded, if it

[Hobblethwaite v. Batturs.]

operate a discharge of the contract." Yet the last point decided in Ogden *v.* Saunders denies the application of that principle to a state of facts precisely analogous to that which this concession would establish.

It will be observed that the *judgment* upon which the present action is brought, was obtained in a court of *the United States,* and *not* in a *court of the state of Maryland.* This relieves the case from an intimation which fell from Judge Johnson, in the opinion delivered by him on behalf of a majority of the court in Ogden *v.* Saunders, that when a party voluntarily and unnecessarily resorts to a *state court,* he should be held to have subjected his rights to the *state laws,* by his election, and in this manner the insolvent's discharge be rendered a bar to any future action.

Judgment for plaintiff.